# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FRANKLIN ALVARADO-HERNANDEZ, Individually and on Behalf of All Those Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>CARMICHAEL DEVELOPMENT, LLC and ANDY CARMICHAEL, Jointly and Severally,<br><br>        Defendants. | Case No. _____ |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiff, on behalf of himself and a similarly-situated collective, alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a construction company called Carmichael Development, LLC (hereinafter "CD").

2. Plaintiff worked in Defendants' company as a laborer, which entailed tasks such as: installing pipes in buildings, operating construction machines, and cleaning

1

work sites.

3. Throughout Plaintiff's employment, Plaintiff received no overtime wages despite working excess of 40 hours each week.

4. Plaintiff brings this action on behalf of himself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' office located at 246 River Park North Drive, Woodstock, Georgia 30188, Cherokee County, which is in the Northern District of Georgia. Additionally, Defendant CD lists is registered with the Georgia Secretary of State as a Domestic Limited Liability Company, and it lists its principal office address as: at 246 River Park North Drive,

Woodstock, Georgia 30188, Cherokee County, which is in the Northern District of Georgia. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8. Franklin Alvarado-Hernandez, was at all relevant times, an adult individual residing at 915 Calgary Glen, Austell, Georgia 30168, which is in Cobb County.

**Defendants:**

9. CD is an active Georgia limited liability company. Its principal place of business is: 246 River Park North Drive, Woodstock, Georgia 30188, which is in Cherokee County.

10. Andy Carmichael, upon information and belief is an owner, officer, director and/or managing agent of CD. Mr. Carmichael's address is unknown at this time.

11. Mr. Carmichael participated in the day-to-day operations of CD, and acted intentionally and maliciously. Mr. Carmichael is considered an "employer" pursuant

to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with CD.

12. Upon information and belief, Mr. Carmichael jointly set the unlawful payroll policies complained of in this complaint for CD.

13. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

14. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

15. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they obtain materials from all over the United States for use in their construction projects, such as: work vehicles, saws, pipes, industrial painting equipment, paint, dry wall, and other industrial equipment manufactured outside of Georgia. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

16. At all relevant times, Defendants have been in the construction industry,

performing construction services for clients throughout Georgia.

17. Plaintiff was employed by Defendants as a laborer from approximately March 7, 2022 to February 21, 2025.

18. As a laborer, Plaintiff's job duties included: installing pipes in buildings, operating construction machines, and cleaning work sites.

19. Plaintiff was paid $22 per hour by Defendant for his work as a laborer.

20. Plaintiff generally worked 12 hours each day, 7 a.m. to 7 p.m., Monday to Friday, and 7 a.m. to 3 p.m. on Saturdays. Plaintiff was off on Sundays. Plaintiff generally had one 30-minute break per day, but often had to work without breaks.

21. On average, Plaintiff worked 62 hours each week.

22. Throughout Plaintiff's employment, Plaintiff was straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

23. For example, on the week of July 17 2023 to July 23, 2023, Plaintiff worked 62 hours that week, was paid straight-time for all hours worked, and received no overtime wages for the hours in excess of 40 hours.

24. Defendants were required by law to pay Plaintiff time-and-a-half his regular

wages for all hours in excess of 40 hours, but purposely chose to not to pay him overtime wages.

25. This failure to pay overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

26. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from March 9, 2022 to March 9, 2025, through the entry of judgment in this case (the "Collective Action Period"), who worked as construction workers, laborers, painters, installers, drivers, and all other hourly workers who were not paid overtime wages (the "Collective Action Members").

27. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

28. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

29. Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

30. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

31. Defendants failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

32. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover

from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 9, 2025

           Respectfully submitted,

           **<u>s/ Brandon A. Thomas</u>**
           **BRANDON A. THOMAS**
           **GA BAR NO.: 742344**
           The Law Offices of Brandon A. Thomas, PC
           1 Glenlake Parkway, Suite 650
           Atlanta, GA 30328
           Tel: (678) 862-9344
           Fax: (678) 638-6201
           brandon@overtimeclaimslawyer.com